IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PATRICIA ABDI,                                                                 CASE NO.: 0:15cv61932

       Plaintiff,
v.

CHASE BANK USA, N.A., and JPMORGAN CHASE
BANK, N.A.,

       Defendants.
_____/

## COMPLAINT FOR VIOLATIONS
## OF THE TELEPHONE CONSUMER PROTECTION ACT

Plaintiff, Patricia Abdi (the "Plaintiff"), by and through counsel, sues Defendants, Chase Bank USA, N.A., and JPMorgan Chase Bank, N.A. (collectively, the "Defendants"), and states:

1.  This is an action for injunctive relief and statutory damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  The TCPA made it illegal to call any telephone number assigned to a cellular telephone service using an automatic-telephone-dialing system or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A). The statute imposes strict liability for violations, making exceptions only for calls made for emergency purposes or made with the prior express consent of the called party.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the TCPA.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the automated calls giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County, Florida.

6. Defendant, Chase Bank USA, N.A. ("Chase USA") is one of the largest banks in the world and has customers in this District. Chase USA offers its customers credit cards. Chase USA does not offer its customers deposit accounts.

7. Defendant, JPMorgan Chase Bank, N.A. ("JPMC Bank") is the largest bank in the United States and has branches in this District. JPMC Bank offers its customers deposit accounts and debit cards linked to deposit accounts. JPMC Bank does not offer credit cards.

## FACTUAL ALLEGATIONS

8. At all times material hereto, the Plaintiff was the sole subscriber, owner, possessor, and operator of a cellular telephone with the assigned number ending in 3344 (the "3344 number").

9. The Plaintiff is and has always been financially responsible for the 3344 number and the telephone service connected therewith.

10. Chase USA and JPMC Bank called and sent voice alert messages to the Plaintiff's cellular telephone, the 3344 number, numerous times after July 12, 2005.

11. For some or all of the calls, Chase USA and JPMC Bank played artificial or prerecorded voice messages.

12. Some of the calls to the Plaintiff were attempts to locate and collect from an alleged debtor other than the Plaintiff.

13. Other calls and voice alert messages to the Plaintiff were made with the intention of contacting the Plaintiff.

14. The Plaintiff did not provide prior express consent to Chase USA or JPMC Bank to call her cellular telephone, with respect to the accounts or alleged debts about which Chase

USA and JPMC Bank were calling.

15. The telephone numbers to which the Defendants placed automatic calls and sent alerts were assigned to cellular telephone services for which Plaintiffs incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

16. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. The Plaintiff did not provide express consent to receive calls or messages on the Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. These telephone communications by the Defendants, or their agents, violated 47 U.S.C. § 227(b)(1).

19. The above allegations would make the Plaintiff a class member of the pending class action, *Gehrich v. Chase*, 1:12-cv-05510 (N.D. Ill. 2010).

20. The Plaintiff received correspondence stating that the deadline to opt-out of the *Gehrich* class was September 10, 2015.

21. On or around September 3, 2015, the Plaintiff opted-out of the *Gehrich* class in order to pursue her claim separately.

**COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227)**

22. The Plaintiff reallages and incorporates by reference paragraphs 1 – 21.

23. The Defendants made multiple unsolicited telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system.

24. The calls were made without the Plaintiff's prior express consent.

25. The calls made by the Defendants were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) because the calls were made to a telephone number assigned to a cellular telephone service and were made using an automatic-telephone-dialing system and/or an

artificial or pre-recorded voice.

26.     The Defendants' violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. § 312(f)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court enter judgment in her favor against Defendants, Chase Bank USA, N.A., and JPMorgan Chase Bank, N.A. as follows:

(a)     awarding statutory damages of $500 dollars as provided by 47 U.S.C. § 227(b)(3)(B);

(b)     awarding willful damages of $1500 dollars per call as provided by 47 U.S.C. § 227(b)(3);

(c)     enjoining the Defendant from future communications in violation of the TCPA as provided by 47 U.S.C. § 227(b)(3)(A);

(d)     awarding reasonable attorney's fees and costs; and

(e)     granting any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on September 14, 2015 by,

MICHAEL GULISANO, ESQUIRE
5613 NW 117th Ave.
Coral Springs, FL 33076
561-271-1678

/s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573
gulisanomichael@gmail.com